# UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>STACY HUNTER,<br><br>Defendant - Appellant. | No. 05-10168<br>D.C. No. CR-02-00523-9-HG<br><br>**JUDGMENT** |

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 20 2006

at ___ o'clock and ___ min. ___ M
SUE BEITIA, CLERK

Appeal from the United States District Court for the District of Hawaii (Honolulu).

This cause came on to be heard on the Transcript of the Record from the United States District Court for the District of Hawaii (Honolulu) and was duly submitted.

On consideration whereof, it is now here ordered and adjudged by this Court, that the judgment of the said District Court in this cause be, and hereby is **AFFIRMED**.

Filed and entered 02/22/06

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

MAR 16 2006

by: _____
Deputy Clerk

**FILED**

FEB 22 2006

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>STACY HUNTER,<br><br>Defendant - Appellant. | No. 05-10168<br><br>D.C. No. CR-02-00523-9-HG<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Hawaii
Helen Gillmor, District Judge, Presiding

Submitted February 17, 2006**
San Francisco, California

Before: HALL, SILVERMAN, and GRABER, Circuit Judges.

Defendant Stacy Hunter appeals the district court's denial of her motion to compel Roderick Hunter to provide a DNA sample for the purpose of assisting her

---

  *    This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.

  **   This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

to establish that Roderick Hunter is her biological father and that she is thus a United States citizen, in order to avoid possible deportation. Defendant pleaded guilty to one count of conspiracy to distribute and to possess with intent to distribute cocaine base in violation of 21 U.S.C. §§ 846 and 841(a)(1). She does not appeal either her conviction or her sentence.

Defendant argued that the district court was authorized to compel Roderick Hunter to provide his DNA to the Bureau of Immigration and Customs Enforcement pursuant to the DNA Analysis Backlog Elimination Act of 2000, 42 U.S.C. §§ 14135a–14135e, which requires convicted federal felons to provide DNA samples as a condition of supervised release and permits disclosure of the samples under certain circumstances. The district court denied the motion, holding that defendant's potential deportation was not an issue before the district court, and that the district court lacked authority to issue such an order.

Defendant's motion is not ripe. No deportation proceedings have been initiated or even threatened. A federal court may not adjudicate a motion where "it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (internal quotation marks omitted). Only if deportation proceedings were *certain* to be initiated would this issue be ripe for decision. *See Chang v. United States*, 327

2

F.3d 911, 922 (9th Cir. 2003) (noting "firm prediction" rule that claim is ripe where denial of alien's application found to be "certain" despite lack of formal denial by agency).

Finally, we deny defendant's request to remand to the district court so it could issue a writ of *audita querela* in the event a detainer is actually filed against defendant. A federal court may not issue a writ of *audita querela* to vacate a conviction on the solely equitable ground that a convicted alien would be eligible for deportation, absent a legal defect in the conviction. *See Doe v. INS*, 120 F.3d 200, 204-05 (9th Cir. 1997) (holding that "[f]or a court to vacate a final conviction solely because the defendant faces deportation would usurp the power of Congress to set" deportation standards, as there is "no independent source in law that empowers federal courts to vacate convictions to shield defendants from deportation").

AFFIRMED.

3

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

MAR 16 2006

by: [signature]
Deputy Clerk

```
INTERNAL USE ONLY: Proceedings include all events.
05-10168 USA v. Hunter

UNITED STATES OF AMERICA              Loretta A. Sheehan, Esq.
     Plaintiff - Appellee             FAX 808/541-2958
                                      808/541-2850
                                      Suite 6-100
                                      [COR LD NTC aus]
                                      USH - OFFICE OF THE U.S.
                                      ATTORNEY
                                      PJKK Federal Building
                                      300 Ala Moana Blvd.
                                      P.O. Box 50183
                                      Honolulu, HI 96850

     v.

STACY HUNTER                          Richard T. Pafundi, Esq.
     Defendant - Appellant            FAX 808/591-1640
                                      808/591-0250
                                      Suite 404
                                      [COR LD NTC cja]
                                      OFFICE OF RICHARD T. PAFUNDI
                                      Attorney at Law
                                      88 Piikoi Street
                                      Honolulu, HI 96814
```